# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| WAYNE W. STINER, ) | |
| ) | Case No. 3:16-cv-89 |
| Plaintiff, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge H. Bruce Guyton |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Plaintiff Wayne W. Stiner brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying him supplemental security income ("SSI"). The Court referred the matter to United States Magistrate Judge H. Bruce Guyton, pursuant to 28 U.S.C. § 636(b) and in accordance with Rule 72(b) of the Federal Rules of Civil Procedure for a Report and Recommendation ("R&R"). On December 14, 2016, Magistrate Judge Guyton filed an R&R (Doc. 23) recommending that: (1) Plaintiff's motion for summary judgment (Doc. 13) be granted in part and denied in part; (2) Commissioner's motion for summary judgment (Doc. 21) be granted in part and denied in part; and (3) the case be remanded to the Commissioner for reevaluation of Plaintiff's level of education pursuant to 20 C.F.R. § 416.964. Plaintiff timely filed objections to the R&R (Doc. 24), and Defendant responded (Doc. 25). For the following reasons, the Court will **ACCEPT** and **ADOPT** the Magistrate Judge's R&R (Doc. 23).

**I.     BACKGROUND**

Plaintiff did not object to the Magistrate Judge's recitation of the facts, so the Court will not recite them here. Plaintiff brought this action seeking judicial review of the Commissioner's final decision denying his application for SSI benefits. In reaching the decision to deny benefits, the Commissioner, through the ALJ, analyzed Plaintiff's claim under the five-step sequential evaluation process outlined in 20 C.F.R § 404.1520(a)(4) and summarized as follows:

1. If claimant is doing substantial gainful activity, he is not disabled.

2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.

3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.

5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

*Nejat v. Comm'r of Soc. Sec.*, 359 F. App'x 574, 576 (6th Cir. 2009) (quoting *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997)). During the evaluative process, the claimant bears the burden of proof at steps one through four. *Id.* However, at step five, the burden shifts to the Commissioner to identify jobs in the economy that the claimant could perform considering his impairments. *Id.*

At step four, the ALJ determined that Plaintiff's residual functional capacity ("RFC") enabled him to

> perform medium work as defined in 20 CFR 416.967(c) except that he could lift and/or carry, including upward pulling, 50 pounds occasionally and 25 pounds

> frequently. With normal breaks in an eight-hour day, he could sit, stand and/or walk up to six hours each. Moreover, he could perform unlimited push/pull, including hand/foot controls, within the exertional limitations. Additionally, the claimant could frequently perform all postural activities and has no manipulative, visual or communicative limitations but would need to avoid concentrated exposure to pulmonary irritants. Mentally, the claimant is able to concentrate and persist sufficiently to understand, remember and carry out simple, routine repetitive tasks and instructions as well as low-level detailed ones. Lastly, he is able to adapt to occasional changes in the workplace.

(Doc. 9, at 21.) Then, at step five, the ALJ considered Plaintiff's level of education in attempting to reach a determination of whether he could perform other work in the national economy given his RFC, age, education, and other vocational factors. *See* 20 C.F.R. § 416.920. Based on Plaintiff's representations that he had obtained a GED, the ALJ determined that Plaintiff had a high school education level and that jobs existed in the national economy that he could perform. (Doc. 9, at 24.)

On appeal, Plaintiff challenged the ALJ's determination on two grounds. First, Plaintiff asserted that the ALJ erred by concluding that he has a high school education level rather than classifying his education level as "Limited" under 20 C.F.R. § 416.964, given the record evidence, particularly Plaintiff's Wide Range Achievement Test ("WRAT") scores. (Doc. 14, at 1–7.) Upon review of this argument, the Magistrate Judge determined that, although the ALJ had not erred in concluding that Plaintiff has a GED, the ALJ's finding that Plaintiff has a high school education level was not supported by substantial evidence. (Doc. 23, at 9–10.) On that basis, the Magistrate Judge recommended that the case be remanded to the Commissioner for reevaluation of Plaintiff's education level by carefully scrutinizing the parameters of 20 C.F.R. § 416.964. (*Id.* at 12.)

Second, Plaintiff challenged the ALJ's RFC determination. Plaintiff argued that the ALJ's determination that he could lift or carry fifty pounds occasionally and twenty-five pounds

frequently, with unlimited pushing and pulling, lacked substantial evidence. (Doc. 14, at 7–15.) As to this argument, the Magistrate Judge found that the ALJ's RFC determination was supported by substantial evidence and that Plaintiff's arguments were without merit. (Doc. 23, at 17.)

## II. STANDARD OF REVIEW

The Court must conduct a *de novo* review of those portions of the R&R to which objections are made and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1). In doing so, the Court's standard of review is essentially the same as the magistrate judge's—review is limited to determining if the ALJ's findings are supported by substantial evidence and if proper legal standards were applied. 42 U.S.C. § 405(g); *Brainard v. Sec'y of Health & Human Servs.,* 889 F.2d 679, 681 (6th Cir. 1989) (per curiam). "Substantial evidence" is "more than a mere scintilla" and means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). If supported by substantial evidence, the Court must affirm the ALJ's findings, even if substantial evidence also supports the opposite conclusion. *Jones v. Comm'r of Soc. Sec.,* 336 F.3d 469, 475 (6th Cir. 2003).

Although the Court is required to engage in a *de novo* review of specific objections, if the objections merely restate the arguments asserted in Plaintiff's earlier motion, which were addressed by the Magistrate Judge's R&R, then the Court may deem those objections waived. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has

4

been presented before, is not an 'objection' as that term is used in this context." *Id.* The Sixth Circuit has also explained that:

> A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.

*Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

**III.    ANALYSIS**

Plaintiff raises two objections to the Magistrate Judge's R&R. (Doc. 24.) First, Plaintiff objects to the recommendation that the case be remanded for reevaluation of his education level. (*Id.* at 1–10.) Second, Plaintiff objects to the Magistrate Judge's determination that substantial evidence supports the ALJ's RFC determination. (*Id.* at 11–18.)

   **A.    Education Determination**

Sentence Four of 42 U.S.C. § 405(g) provides that district courts have the power to "enter . . . a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." A district court may remand a case "after reviewing the Commissioner's decision and entering a judgment, if it determines that a rehearing before the Commissioner is warranted in light of the court's ruling." *Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 483 (6th Cir. 2006) (citing *Faucher v. Sec'y. of Health & Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994)). On the other hand, "[b]enefits may be awarded immediately if all necessary factual issues have been resolved, 'the proof of disability is strong, and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where the proof of disability is overwhelming.'" *Gentry v. Comm'r of*

*Soc. Sec.*, 741 F.3d 708, 730 (6th Cir. 2014) (citing *Kalmbach v. Comm'r of Soc. Sec.*, 409 F. App'x 852, 865 (6th Cir. 2011)).

Plaintiff does not object to the Magistrate Judge's finding that the ALJ erred in evaluating his education level but does object to the recommendation that this matter be remanded for reevaluation. (Doc. 24, at 1, 17–18.) Plaintiff argues the action should instead be remanded for an award of full benefits because further evaluation would "merely involve the presentation of cumulative evidence." (*Id.* (relying on *Skinner v. Secretary*, 902 F.2d 447, 450–51 (6th Cir. 1990).) In *Skinner*, the Sixth Circuit remanded and awarded full benefits after finding that the ALJ had erroneously concluded that the claimant possessed marginal education and, thus, was not disabled. 902 F.2d at 450. The Sixth Circuit found that a remand and award of full benefits was appropriate because the record "provide[d] overwhelming evidence" that the claimant was illiterate—thus, negating the ALJ's determination. *Id.* The record reflected that, not only did claimant's WRAT results place him below a 3rd grade level, but two experts also concluded he was illiterate. *Id.*

Here, however, unlike *Skinner*, the record does not "provide[] overwhelming evidence" that claimant's education level is limited. *See id.* Though the evidence may establish on remand that Plaintiff's education level is "limited" under 20 C.F.R. § 416.964, as the magistrate judge pointed out, the WRAT test scores alone do not conclusively establish that finding without further evaluation. On remand, the Commissioner must carefully scrutinize the guidance and factors set forth in 20 C.F.R. § 416.964 in order to reach a conclusion as to Plaintiff's education level. (*See* Doc. 23, at 9–12.) Accordingly, the Court will **OVERRULE** Plaintiff's objection and adopt the Magistrate Judge's R&R on this point.

### B. RFC Determination

Plaintiff's second objection claims the ALJ's RFC determination was not supported by substantial evidence. (Doc. 24, at 10–18.) However, Plaintiff's objection to the ALJ's RFC determination merely restates—often times, verbatim—the argument set forth in his motion for summary judgment, which was fully addressed by the Magistrate Judge's R&R. (*Compare* Doc. 14, at 7–15 *with* Doc. 23, at 12–18 *and* Doc. 24, at 11–18.) For instance, in re-asserting that the ALJ erred in his consideration of Dr. Eva Misra's examining opinion, Plaintiff has simply copied and pasted his argument. (*Compare* Doc. 14, at 8 *with* Doc. 24, at 11.) Accordingly, the Court will **OVERRULE** Plaintiff's objections and adopt the Magistrate Judge's R&R on this point.

## IV. CONCLUSION

The Court has considered Plaintiff's objections and, after a full and comprehensive review of the record, has found them without merit. Accordingly, the Court will **ACCEPT** and **ADOPT** Magistrate Judge Guyton's R&R (Doc. 23); Plaintiff's Objections (Doc. 24) will be **OVERRULED**; Plaintiff's motion for summary judgment (Doc. 13) will be **GRANTED IN PART** and **DENIED IN PART**; Defendant's motion for summary judgment (Doc. 21) will be **GRANTED IN PART** and **DENIED IN PART**; and Commissioner's decision denying benefits will be **REVERSED** and this case will be **REMANDED** pursuant to Sentence Four of 42 U.S.C. § 405(g) for action consistent with the R&R.

An appropriate Order will enter.

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**